```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SHIRLEY HANSON, ADMINISTRATRIX  :
OF THE ESTATE OF                :
ADAM J. PARKER                  :
and SHIRLEY HANSON,             :
Individually                    :    CIV. NO. 3:07CV353 (JCH)
                                :
     v.                         :
                                :
US AIRPORTS AIR CARGO, LLC;     :
CLYDE MACHINES, INC and HICKS   :
TRUCKING CO. OF LITCHFIELD      :

### DISCOVERY RULING: Defendant USAirports Air Cargo Motion to Compel [Doc. #89]

The Court held a discovery conference on June 23, 2008 to hear the objections of Plaintiff Shirley Hanson to several aspects of Defendant USAirport's Motion to Compel [Doc. #89]. The Court rules as follows after considering the positions of both parties.

Background

This action was commenced against USAirports and Clyde Machines, Inc. on July 11, 2006, by plaintiff Shirley Hanson, individually and as Administratrix of the Estate of Adam J. Parker, to recover damages for wrongful death and bystander distress arising out of the death of her son, Adam J. Parker, on January 30, 2005. Mr. Parker died while unloading a shipment of 21 pallet trailers, each of which weighed 2,000 pounds, at USAirports facility at Bradley International Airport in Windsor Locks, when several of the pallet trailers toppled onto him while he was ratcheting a strap securing the load. On February 22,

1

2007, Ms. Hanson filed an amended complaint, adding Hicks Trucking Company of Litchfield, CT as a direct defendant. Hicks is a full-service transportation company, and transports goods using flatbeds, stepdecks and removable gooseneck trailers within the 48 continental states.

Mr. Parker was a truck driver working pursuant to an Independent Contractor Agreement with Hicks Trucking, which assigned him to transport a shipment of pallet trailers from Clyde Machines, Inc. at Litchfield, Minnesota, to USAirports' facility at Bradley International Airport (the "shipment").

Ms. Hanson, Mr. Parker's mother, worked for her son as a truck driver, and assisted him with the shipment.

USAirports provides cargo handling services for several entities at Bradley Airport. USAirports ordered the shipment from Clyde Machines to use in performing a contract commencing February 1, 2005.

Clyde Machines manufactures ground support equipment, including pallet trailers.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P.26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See* Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Requests for Production

Document Request Nos. 2 and 3

Document Request Nos. 2 and 3 seek information relating to the financing, purchase, sale and licensing of the Volvo truck driven by Mr. Parker. Plaintiff contends that this information is irrelevant since there is no claim in the complaint or in the written discovery to date for the loss of future business opportunities. The Court agrees. Should Mr. Hokom be called to testify at trial, he will be instructed not to testify about any matters which relate to the expansion of the decedent's business.

Document Request Nos. 5 and 8

Document Request No. 5 seeks all documents indicating an employment relationship between Ms. Hanson and Parker/Notorious Trucking on the date of Mr. Parker's death. Document Request No. 8 seeks all W2 or other state, federal and local tax forms or documents received by Shirley Hanson from Notorious Trucking which evidence the income she earned, and authorizations to obtain the same.

Ms. Hanson testified at her deposition that she was hired by

Mr. Parker to work as a driver, and was working for him at the time of his death.  Any monies paid to Ms. Hanson by Parker/Notorious Trucking are relevant to the determination of Parker's profits for any shipments and the expense he incurred to employ Hanson.  See Carrano v. Yale New Haven Hosp., et al, 279 Conn. 622 (2006)("the plaintiff seeks to recover damages for the loss of the decedent's wages or for the destruction of the decent's earning capacity, 'the inquiry in the first instance is as to probable net earnings, in the ordinary sense of that phrase as used in accounting practice, during the probable lifetime [of the decedent].'") Document Request Nos. 5 and 8 will be complied with.

Document Request No. 9 and 17(g)

Document Request No. 9 seeks documents relating to any debt of Adam Parker or Notorious Trucking at the time of his death, while Document Request No. 17(g) seeks documents relevant to a determination of the probability that Parker would be able to pay off his debts. Defendant contends that the basis for this request is to determine whether or not Parker would be in a financial position to purchase more trucks and grow his business.  Plaintiffs do not claim that the decedent intended to grow his business.  Therefore, the Court finds this information irrelevant.

Document Request No. 17(h) and 29

Document Request Nos. 17(h) and 29 request documents relevant to an evaluation of decedent's future counsel, guidance,

4

aid, advice, comfort, assistance and/or protection to Ms. Hanson, and documents evidencing services, gifts and financial support provided to Ms. Hanson by Mr. Parker between 2001 and 2005. The expert report prepared by Gary M. Crakes values services rendered at $300,000. In order to aid the plaintiff in complying, defendant has agreed to make this request more specific. Therefore, the Court reserves its ruling on Request Nos. 17(h) and 29 until defendant serves a more specific request.

Document Request Nos. 11 and 20

Document Request No. 11 seeks all medical records of treatment received by Mr. Parker between 2001 and January 30, 2005, and authorizations to obtain the same. The Court finds these medical records relevant. Defendants will be provided with authorizations for medical records for the limited time period of January 1, 2001 - January 30, 2005. Defendant will provide a cover letter to each medical provider directing the provider to send any responsive information the provider deems sensitive directly to the Court for its review. The Court will notify plaintiff's counsel when it receives these records and counsel will have an opportunity to inspect them and object to specific disclosures before the records are provided to defendants.

Document Request No. 20 seeks all documents concerning life, health and accident insurance policies. Plaintiff has agreed to supply the responsive documents.

Document Request No.13

Document Request No. 13 requests the results of any drug

tests performed on Shirley Hanson and/or Adam Parker within a period of five (5) years prior to the date of the incident. This information is relevant to the decedent's and plaintiff's job performance. Plaintiff is directed to inform defendant of anyone who has conducted such drug tests and to produce the results of those tests. Plaintiff has already authorized Hicks Trucking to provide the results of any drug tests they conducted to defendant USAirports.

Document Request No. 15

Document Request No. 15 seeks a lease agreement signed by Adam Parker and his fiancé. Plaintiff has agreed to supply this agreement.

Document Request No. 16

Document Request No. 16 seeks copies of birth certificates for Parker and Hanson. Counsel for the plaintiff stated that he has no objections to these requests and that Ms. Hanson has found hers but is still searching for Mr. Parker's.

Compliance with discovery ordered by the Court shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the

district judge upon motion timely made.

ENTERED at Bridgeport this 22nd day of August 2008.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE