UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHIRLEY HANSON, ADMINISTRATRIX:
OF THE ESTATE OF              :
ADAM J. PARKER                :
and SHIRLEY HANSON,           :
Individually                  :        CIV. NO. 3:07CV353 (JCH)
                              :
     v.                       :
                              :
US AIRPORTS AIR CARGO, LLC;   :
CLYDE MACHINES, INC and HICKS :
TRUCKING CO. OF LITCHFIELD    :

<u>DISCOVERY RULING: Defendant USAirports Air Cargo
      Motion for Protective Order [Doc. #100]</u>

The plaintiff seeks to preserve the testimony of Faith Williams and Adam Rick for use at trial by way of videotaped deposition. Defendant Hicks Trucking Company moved for a protective order prohibiting the taking of further depositions of then two Hicks employees. The Court held a discovery conference on July 24, 2008, at which Plaintiff Shirley Hanson was heard. The Court gave defendant Clyde Machines, Inc., and defendant USAirports Cargo, LLC, until August 15, 2008 to file their objections. Defendant Hicks replied on August 28, 2008. After considering the positions of all of the parties, the Court rules as follows.

<u>Background</u>

On December 12, 2007, plaintiff took the discovery deposition of Faith Williams in Minneapolis, Minnesota. On January 25, 2008, the plaintiff returned to Minneapolis to take the discovery deposition of Adam Rick. On or about April 2, 2008, plaintiff's counsel sent a letter to defense counsel for

1

Hicks Trucking Company, Paul Lange, advising the employees, namely Faith Williams and Adam Rick, that the plaintiff would want to "either have [them] here in Connecticut at the time of trial or put on videotape prior to trial." On or about April 24, 2008, defense counsel responded to plaintiff's request by stating, "[w]hile I will likely have a Hicks representative at trial, I have not yet decided on whom to bring." Defense counsel has yet to inform the plaintiff of the identity of the Hick representative(s) who will appear at trial.

Shirley Hanson, USAiports, and Clyde Machines oppose a protective order which would prohibit trial depositions of Hicks employees Faith Williams and Adam Rick. They argue that the Hicks Trucking witnesses testified with regard to several issues central to this case, including (1) Hicks' Trucking's level of knowledge regarding the risk posed by the Shipment and extent to which Hicks Trucking informed Parker of that danger, and (2) the extent to which the Shipment could have been loaded/secured in a different manner to reduce the potential danger to those involved with the transportation and/or unloading of the shipment.

Standard of Review

A protective order should issue only when necessary to prevent "injury, harassment or abuse of the court's processes." See Bridge C.A.T. Scan Assocs. V. Technicare Corp., 710 F. 2d 940, 944-45 (2d Cir. 1983); Schnall v. Annuity and Life Re (Holdings), Ltd., 2007 WL 2936242, at *4 (D. Conn. Oct. 5, 2007); Fed.R.Civ.P. 26(c). "A protective order issues on good cause

2

shown by the moving party. A moving party may not establish good cause through conclusory statements. Good cause is established by demonstrating 'a clearly defined and serious injury' resulting from disclosure." Rubin v. Hirschfeld, 2001 WL 34549222, at *1 (D. Conn. Dec. 10, 2001)(internal citations omitted). Broad allegations of harm will not establish good cause, rather "[t]o establish good cause under Rule 26(c), courts require a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006)(internal citations omitted).

Discussion

While there is no specific provision in the Federal Rules of Civil Procedure for a trial deposition, the Federal Court system does recognize a distinction and need for trial depositions subsequent to a discovery deposition. "[T]he majority of courts considering this issue have made what can only be described as a federal common law distinction between 'discovery depositions' and 'trial depositions' (or alternatively, 'preservation depositions')." RLS Assocs., LLC v. United Bank of Kuwait PLC, 2005 WL 578917 at *6 (S.D.N.Y. March 11, 2005).

This distinction is instructive because it recognizes the difference between discovery depositions and trial depositions. The depositions that Ms. Williams and Mr. Rick have already given were for discovery purposes. A trial deposition is aimed

3

specifically at preparing testimony for trial and presenting that testimony to a jury.  There is significant benefit in allowing a jury to view the questioning of a witness and observe how the witness responds to the question; a party should be given the opportunity to provide a jury with clear, concise, and organized testimony from witnesses whose presence at trial cannot be compelled.  If the Court were to issue a protective order, the plaintiffs, and defendants Clyde Machines and USAirports would be left to read portions of the testimony of Faith Williams and Adam Rick into the record, a far less effective method of presenting evidence to the jury.  Accordingly, defendant Hicks Trucking's Motion for Protective Order **[Doc. #100]** is **DENIED.**   This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

    ENTERED at Bridgeport this 26th day of September 2008.

```
               _____/s/_____
               HOLLY B. FITZSIMMONS
               UNITED STATES MAGISTRATE JUDGE
```